# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Ivy Pickens, Jr., | No. CV- 24-0321-PHX-ROS (JZB) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| v. | |
| Ryan Thornell, et al., | |
| Respondents. | |

TO THE HONORABLE ROSLYN O. SILVER, SENIOR UNITED STATES DISTRICT JUDGE:

Petitioner William Ivy Pickens, Jr. has filed a pro se Petition for the Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.)

**I.    Summary of Conclusion.**

On January 20, 2016, Petitioner's first PCR proceeding concluded when the court dismissed his notice. Petitioner did not file for review, so the one-year statute of limitations to file a habeas petition began running on February 20, 2016, and expired one year later. Petitioner filed four subsequent PCR notices, all of which were filed after February 20, 2017. Petitioner did not mail his habeas petition until February 3, 2024. The petition is untimely by several years. The Court finds that statutory and equitable tolling are not merited, and Petitioner fails to demonstrate actual innocence. The Court concludes the Petition is untimely. Therefore, the Court will recommend the Petition be denied and dismissed with prejudice.

## II.    Background.

### A.    Facts.

On May 22, 2012, a Maricopa County grand jury returned a nine-count indictment against Petitioner charging him with numerous offenses including Sexual Assault, Kidnapping, and Failure to Register as a Sex Offender. (Doc. 11-1, Ex. A, at 4.) The Arizona Court of Appeals summarized the procedural history of his state matters:

> Pursuant to a plea agreement in 2013, Pickens was convicted of one count of sexual assault and three counts of attempted sexual assault. The trial court sentenced him to sixteen years' imprisonment for the sexual assault and, for his remaining counts, suspended the imposition of sentence and placed Pickens on lifetime probation. Pickens initiated a proceeding for post-conviction relief, and appointed counsel filed a notice stating she had reviewed the record but was "unable to find any claims for relief to raise." After Pickens failed to file a pro se petition, despite being granted two extensions to do so, the court dismissed the proceeding.
>
> More than three years later, in July 2019, Pickens filed a petition for writ of habeas corpus. He asserted three grounds for relief: "invalid law," "fraud," and "lack of subject matter jurisdiction." He argued that A.R.S. §§ 13-604 and 13-702.01, under which he was "charged, convicted, and sentenced," were "recognized as unconstitutional by Arizona's High Court." And he reasoned that "[i]f these statutes are unconstitutional," the legal process under which he was accused "was at all times fraudulent and fatally defective," "the trial court proceeded to convict and sentence [him] without acquiring subject matter jurisdiction," and his convictions were "void."

(Doc. 11-1, Ex. X, at 135-36.)

### B.    First Post-Conviction Relief Proceeding.

On August 20, 2014, Petitioner filed a timely notice of post-conviction relief ("PCR"). (Doc. 11-1, Ex. K, at 66.) On January 20, 2016, the court dismissed the proceeding because "the due date has passed and the defendant has not filed a petition and has not secured any additional extensions from the Court." (Doc. 11-1, Ex. S, at 112.)

Petitioner did not file for review in the Arizona Court of Appeals. (*See* Doc. 11-1, Ex. U, at 121.)

### C. Second Post-Conviction Relief Proceeding.

On July 26, 2019, Petitioner filed a state court petition for writ of habeas corpus.

- 2 -

(Doc. 11-1, Ex. T, at 114). On November 6, 2019, the court dismissed the petition finding "Defendant fails to state a claim for which relief can be granted in an untimely Rule 32 proceeding." (Doc. 11-1, Ex. U, at 122.)

On November 22, 2019, Petitioner filed a petition for review in the Arizona Court of Appeals. (Doc. 11-1, Ex. V, at 124.) On December 24, 2020, the court denied relief. (Doc. 11-1, Ex. X, at 134.)

### D. Third Post-Conviction Relief Proceeding.

On May 25, 2022, Petitioner filed a third PCR petition, which the court denied because "the pleading does not contain an intelligible claim for Rule 33 relief." (Doc. 11-1, Ex. Z, at 144.)

### E. Fourth Post-Conviction Relief Proceeding.

On February 6, 2024, Petitioner filed a fourth PCR notice. (Doc. 11-2, Ex. AA, at 2.) On February 27, 2024, the court dismissed the notice, finding it was untimely and precluded. (Doc. 11-2, Ex. BB, at 7.)

### F. Fifth Post-Conviction Relief Proceeding.

On March 13, 2024, Petitioner filed a fifth PCR petition. (Doc. 11-2, Ex. CC, at 11.) On March 27, 2024, the court dismissed the petition as untimely and precluded. (Doc. 11-2, Ex. DD, at 18.)

### III. Petitioner's Habeas Petition.

On February 3, 2024, Petitioner mailed the instant habeas petition. (Doc. 1 at 11.) On February 15, 2024, the Court filed the instant Petition. The Court summarized Petitioner's claims in Grounds One and Two as follows:

> Petitioner Ground 1: he was "heavily medicated" at the time he allegedly committed the offenses and when he was sentenced, he was "given [an] unknown drug 'date rape,'" and there is "newly discovered evidence" that his victim sexually assaulted him;
>
> Ground 2: he received an excessive sentence due to the conditions of confinement in prison.

(Doc. 7 at 2.) Petitioner's requests in Grounds Three ("to be given 'the death penalty'") and Four ("he was 'drugged'") were dismissed by the Court. (*Id*. at 3.)

- 3 -

On March 29, 2024, Respondents filed a Response. (Doc. 11.) On April 15, 2024, Petitioner requested an extension to file a Reply. (Doc. 16 at 2.) On May 2, 2024, the Court granted the request and directed Petitioner to file any Reply on or before June 3, 2024. (*Id*.)

The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a state court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a). Petitions for Habeas Corpus are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244.

### A.    Time Calculation.

The AEDPA imposes a one-year limitation period, which begins to run "from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A).

On June 16, 2014, Petitioner was sentenced. (Doc. 11-1, Ex. J, at 58.) Petitioner's first PCR proceeding began on August 20, 2014, when he filed a timely notice of post-conviction relief. But Petitioner never filed a petition, so the proceedings concluded when the court dismissed the petition on January 20, 2016. Rule 32.9(c), Arizona Rules of Criminal Procedure, required petitions for review to the Arizona Court of Appeals be filed within 30 days of the trial court's decision on the PCR petition. So, Petitioner had 30 days, or until February 19, 2016, to properly file a petition for review. Because he did not file a petition within that time period, the one-year statute of limitations to file a habeas petition began running on February 20, 2016, and expired one year later unless tolling applies. *See Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the AEDPA limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)). Here, the habeas petition was due by February 20, 2017, but Petitioner did not mail a petition until February 3, 2024. (Doc. 1 at 11.) The habeas petition is untimely absent statutory tolling.

### B.    Statutory Tolling.

Petitioner is not entitled to statutory tolling. Petitioner's second, fourth, and fifth

PCR proceedings were dismissed as untimely.[1] These proceedings were not properly filed and did not statutorily toll his habeas deadline. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2).") (cleaned up); *Trigueros v. Adams*, 658 F.3d 983, 988 (9th Cir. 2011) ("An untimely state petition is not 'properly filed' and does not trigger statutory tolling under AEDPA."); *Banjo v. Ayers*, 614 F.3d 964, 968 (9th Cir. 2010) ("An untimely petition . . . is not 'properly filed' pursuant to 28 U.S.C. § 2244(d)(2), and so it does not toll the statute of limitations.").

Petitioner's subsequent PCR proceedings also did not reset the statute of limitations because they were filed after the limitations period had already expired. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (where petitioner filed his state post-conviction relief proceeding "after the AEDPA statute of limitations ended . . . [t]hat delay resulted in an absolute time bar . . . .").

### C.   Equitable Tolling.

"A petitioner who seeks equitable tolling of AEDPA's [one]-year filing deadline must show that (1) some 'extraordinary circumstance' prevented him from filing on time, and (2) he has diligently pursued his rights." *Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). The Petitioner bears the burden of showing that equitable tolling should apply. *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005). Equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely habeas action. *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010). Equitable tolling is to be rarely granted. *See, e.g.*, *Waldron-Ramsey v. Pacholke,* 556 F.3d 1008, 1011 (9th Cir. 2009). Petitioner must show that "the extraordinary circumstances were the cause

---

[1] Petitioner's third PCR proceeding was dismissed because his notice contained "an unintelligible claim" for relief. (Doc. 11-1, Ex. Z, at 144.)

of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." *Porter v. Ollison,* 620 F.3d 952, 959 (9th Cir. 2010) (quotations and citation omitted). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (citation omitted).

Here, Petitioner fails to demonstrate extraordinary circumstances were the cause of the untimely filing of his Petition. Petitioner does not assert he was denied access to PCR proceedings or unable to pursue his rights. From August 20, 2014 (doc. 11-1, Ex. K, at 66) to March 13, 2024 (doc. 11-2, Ex. CC, at 11), Petitioner filed five separate PCR matters in the superior court.  Petitioner does not explain why he failed to file a timely habeas petition, but instead waited until February 3, 2024, to mail the instant habeas petition. (Doc. 1 at 11.)[2] Petitioner fails to establish he is entitled to equitable tolling.

### E.      Actual Innocence.

To avoid a miscarriage of justice, the habeas statute of limitations in 28 U.S.C. § 2244(d)(1) does not preclude "a court from entertaining an untimely first federal habeas petition raising a convincing claim of actual innocence." To establish a "credible" claim of actual innocence, a petitioner must present "new reliable evidence" and "show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995); s*ee also Jones v. Taylor*, 763 F.3d 1242, 1247 (9th Cir. 2014) ("In order to pass through the *Schlup* actual innocence gateway, a petitioner must demonstrate that in light of new evidence, it is more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt." (cleaned up)).

Petitioner fails to establish that he is actually innocent as required by *Schlup*. Petitioner admitted his guilt when he pleaded guilty. Petitioner's avowals at a plea hearing, as well as any findings made by the judge accepting the plea, constitute a "formidable

---

[2] In response to the prompt to explain why his petition should not be barred as untimely, Petitioner writes: "My attorney died. I came to prison to die yet have some hope: my mind was lost. I have no idea 28 U.S.C. § 2244." (Doc. 1 at 11.)

barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977). Assuming arguendo that Petitioner may present evidence of actual innocence, Petitioner does not present evidence.

The Court notes that there were no findings that Petitioner presented credible evidence of actual innocence during PCR proceedings. *See e.g.* (doc. 11-2, Ex. BB, at 8: Petitioner "identifies no new facts" in his fourth PCR proceeding); (doc. 11-2, Ex. DD, at 20: Petitioner "fails to provide information to support" any claim based on "newly discovered material"). Petitioner fails to establish a credible claim of actual innocence.

**IV.    Conclusion.**

Based on the above analysis, the Court finds that the Petition is untimely.

The record is sufficiently developed, and the Court does not find that an evidentiary hearing is necessary for resolution of this matter. *See Rhoades v. Henry*, 638 F.3d 1027, 1041 (9th Cir. 2011).

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal be **DENIED**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114,

1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 19th day of July, 2024.

_____
Honorable John Z. Boyle
United States Magistrate Judge